UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TONY GOODMAN
          Plaintiff,

v.                                                          CIVIL ACTION NO. 17-40004-GAO

COUNSELOR TIDWELL, et al.,
          Defendants.

## MEMORANDUM AND ORDER
January 19, 2017

**O'TOOLE, D.J.**

For the reasons stated below, plaintiff's motions for leave to proceed *in forma pauperis*, appointment of counsel, and temporary restraining order are denied without prejudice. If plaintiff wishes to proceed with this action, he will be granted additional time either to (1) pay the $400.00 filing and administrative fees; or (2) file a renewed motion for leave to proceed *in forma pauperis* accompanied by his certified prison account statement.

**I.   Background**

On January 11, 2017, *pro se* plaintiff Tony Goodman, a self-described wheelchair-bound inmate now confined to FMC Devens, filed a complaint accompanied by motions for leave to proceed *in forma pauperis*, appointment of counsel, and temporary restraining order. The complaint is brought against more than a dozen defendants seeking equitable and monetary relief for alleged violations of the Civil Rights Act, 42 U.S.C. § 1983[1]; the Rehabilitation Act of 1973, 29 U.S.C. § 794; and the Americans with Disabilities Act, 42 U.S.C. § 12132. Plaintiff complains

---

[1] Although the complaint references 42 U.S.C. § 1983, the Court notes that Section 1983 does not authorize suits against federal officials. Therefore, the Court will treat plaintiff's civil rights claims as if they were brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which established a direct cause of action against federal officials for violations of the federal constitution.

of various conditions of confinement and alleges that upon arrival at FMC Devens on November 12, 2016, he was placed in a cell that was not handicapped accessible. Less than two weeks after his arrival at Devens, he sustained injuries requiring a week of hospitalization after a failed attempt to transfer from his wheelchair to the toilet. In his motion for a temporary restraining order, Goodman asserts that the law library is not wheelchair accessible and that his requests for access to legal materials and photocopy services were denied.

## II.     Discussion

### A.     Plaintiff's Motion to Proceed *In Forma Pauperis*

Although Goodman filed a motion for leave to proceed *in forma pauperis*, he failed to provide a certified prison account statement. Where, as here, the plaintiff is a prisoner, a request to proceed without prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the filing fee is paid in full. *See id.* § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, *see id.* §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

Because Goodman failed to file a certified copy of his prison account statement, his motion

for leave to proceed without prepayment of the filing fee will be denied without prejudice.

    **B.**    <u>**Plaintiff's Motion to Appoint Counsel and for Temporary Restraining Order**</u>

        **1.**    **Appointment of Counsel**

Although under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). Here, plaintiff has not been granted *in forma pauperis* status at this point and the request for appointment of counsel will be denied without prejudice to renewal after the filing fee issue has been resolved.

        **2.**    **Temporary Restraining Order**

In his motion for a temporary restraining order, Goodman argues that the law library is not wheelchair accessible and that his requests for access to legal materials and photocopy services were denied. He seeks an order directing prison authorities to grant him access to legal materials so that he may prosecute this and other actions.

A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than 14 days. Fed. R. Civ. P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *Id.* 65(b)(1)(A). Even where a plaintiff makes a showing of "immediate and irreparable" injury, he must also show the reasons why notice to the party to be enjoined should not be required. *Id.* 65(b)(1)(B). In ruling on a motion for either a preliminary injunction or temporary restraining order, the Court must consider: "(1) the movant's likelihood of success on the merits; (2) whether and to what extent the movant would suffer irreparable harm if the request were rejected; (3) the balance of hardships between the parties; and (4) any effects that the

injunction or its denial would have on the public interest." *Diaz-Carrasquillo v. Garcia-Padilla*, 750 F.3d 7, 10 (1st Cir. 2014).

Title II of the Americans with Disabilities Act ("ADA") provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA applies to inmates. *See Pa. Dept. of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998). Title II authorizes suits by private citizens for money damages against public entities that violate § 12132. *See* 42 U.S.C. § 12133 (incorporating by reference 29 U.S.C. § 794a).

Assuming that Goodman has a qualified disability and that the law library is not wheelchair accessible, he has not demonstrated that he will suffer irreparable harm if he is not granted the extraordinary relief of a temporary restraining order. Although inmates have a right to "meaningful access to the courts," which may include access to a law library, *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 830 (1977)), Goodman has not alleged any immediate and irreparable prejudice or harm from his present inability to access the law library.

### III. Conclusion and Order

Based on the foregoing, it is hereby ordered that:

1. Plaintiff's motion to proceed *in forma pauperis* is hereby DENIED without prejudice. If plaintiff elects to proceed with this action, within 21 days of the date of this Memorandum and Order, he either must (1) pay the $400.00 filing and administrative fees; or (2) file a renewed motion for leave to proceed *in forma pauperis* accompanied by his certified prison account statement. Failure of plaintiff

to comply with this directive may result in a dismissal of this action without prejudice. The Clerk shall provide plaintiff with an Application to Proceed in District Court Without Prepaying Fees or Costs and shall send a copy of this Memorandum and Order to the Treasurer's Office at FMC Devens, in order to facilitate any request by the plaintiff for his certified prison account statement. The Court requests that the Treasurer's Office include in any prison account statement the plaintiff's average monthly deposits for the six-month period preceding the date the complaint was filed, as well as the average monthly balance for that same period.

2. Plaintiff's motions for a TRO and for the appointment of counsel are denied without prejudice.

3. Failure to comply with the directives of this Order may result in dismissal of this action.

**So Ordered.**

                         /s/ George A. O'Toole
                         **UNITED STATES DISTRICT JUDGE**