UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**TONY GOODMAN**
          Plaintiff,

v.                                     CIVIL ACTION NO. 17-40004-GAO

**COUNSELOR TIDWELL, et al.,**
          Defendants.

## MEMORANDUM AND ORDER
April 13, 2017

**O'TOOLE, D.J.**

For the reasons stated below, the Court (1) allows plaintiff's renewed motion for leave to proceed *in forma pauperis*; (2) defers assessment of the filing fee until the plaintiff's prison account statement is filed; (3) denies plaintiff's renewed motions for appointment of counsel and temporary restraining order; and (4) directs the Clerk to issue summons as to the identified defendants only.

**I.    Background**

On January 11, 2017, *pro se* plaintiff Tony Goodman, a self-described wheelchair-bound inmate now confined to FMC Devens, filed a complaint accompanied by motions for leave to proceed *in forma pauperis*, appointment of counsel, and temporary restraining order. The complaint is brought against more than a dozen defendants seeking equitable and monetary relief for alleged violations of the Civil Rights Act, 42 U.S.C. § 1983[1]; the Rehabilitation Act of 1973, 29 U.S.C. § 794; and the Americans with Disabilities Act, 42 U.S.C. § 12132. Plaintiff complains

---

[1]Although the complaint references 42 U.S.C. § 1983, the Court notes that Section 1983 does not authorize suits against federal officials. Therefore, the Court will treat plaintiff's civil rights claims as if they were brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which established a direct cause of action against federal officials for violations of the federal constitution.

of various conditions of confinement and alleges that upon arrival at FMC Devens on November 12, 2016, he was placed in a cell that was not handicapped accessible. Less than two weeks after his arrival at Devens, he sustained injuries requiring a week of hospitalization after a failed attempt to transfer from his wheelchair to the toilet. In his motion for a temporary restraining order, Goodman asserts that the law library is not wheelchair accessible and that his requests for access to legal materials and photocopy services were denied.

By Memorandum and Order dated January 19, 2017, the Court denied without prejudice Goodman's motions for leave to proceed *in forma pauperis*, appointment of counsel, and temporary restraining order. Plaintiff was granted additional time to file a renewed motion for leave to proceed *in forma pauperis* accompanied by his certified prison account statement. At that time, the Clerk mailed a copy of the Memorandum and Order to the Treasurer's Office at FMC Devens, in order to facilitate any request by the plaintiff for his certified prison account statement. The Court requested that the Treasurer's Office include in any prison account statement the plaintiff's average monthly deposits for the six-month period preceding the date the complaint was filed, as well as the average monthly balance for that same period.

Now before the Court are Goodman's affidavit, response to court order and renewed motions for leave to proceed *in forma pauperis*, appointment of counsel, and temporary restraining order. In his response to court order, Goodman states, among other things, that he is being denied access to his prison account statement. *See* Docket No. 10.

## II. Discussion

Plaintiff's renewed motions for appointment of counsel and temporary restraining order are denied as he has not alleged any facts in support of these renewed motions.

Although Goodman filed a renewed motion for leave to proceed *in forma pauperis*, he

failed to provide a certified prison account statement. Goodman indicates that he has not received a response to his requests for a certified copy of his prison account statement from the Treasurer's Department or the Warden. The Court will allow Goodman's renewed motion to proceed *in forma pauperis* notwithstanding that his certified prison account statement was not filed as required under 28 U.S.C. § 1915. The Court will direct the Treasurer's Office to provide to the Court, and to Goodman, Goodman's certified prison account statement. Upon receipt of the certified prison account statement, an Order shall issue assessing Goodman's filing fee obligations under the *in forma pauperis* statute.

Given the nature of the claims, the Court will permit summons to issue as to the <u>identified</u> defendants. Although the use of fictitious names to identify defendants is not favored, this is a situation in which the identities of alleged defendants were not known to plaintiff prior to his filing the complaint. *See Martínez-Rivera v. Ramos*, 498 F.3d 3, 8 (1st Cir. 2007). Nevertheless, if, through discovery, Goodman discovers the true name of any or all of the "Doe" defendants, he should act promptly to amend the complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to identify the correct parties and their alleged misconduct and to dismiss any baseless claims. *Id.* at 8 n. 5. Additionally, to the extent that some of Goodman's claims may be subject to dismissal for lack of respondeat superior liability or other defenses, if necessary, a defendant may file an appropriate motion once he or she has been properly served.

### III. <u>Conclusion and Order</u>

Based on the foregoing, it is hereby ordered that:

1. Plaintiff's renewed motions for appointment of counsel and temporary restraining order are DENIED; and the renewed motion for leave to proceed *in forma pauperis* is ALLOWED.

2. The Treasurer's Office at FMC Devens shall provide to the Court and to Goodman,

within 21 days of the date of this Memorandum and Order, copies of Goodman's certified prison account statement reflecting the average monthly balance and average monthly deposits for the six-month period preceding January 11, 2017. The Clerk shall send a copy of this Memorandum and Order to the Treasurer's Office at FMC Devens.

3. The Clerk shall issue summons as to the <u>identified</u> defendants only. The Clerk shall send the summonses, a copy of the Complaint, and this Memorandum and Order to the plaintiff, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshals Service. If directed by the plaintiff to do so, the United States Marshals Service shall serve the summonses, Complaint, and this Memorandum and Order upon the defendants, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States Marshals Service. Notwithstanding this Order to the United States Marshals Service, it remains plaintiff's responsibility to provide the United States Marshals Service with all necessary paperwork and service information.

4. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 90 days from the date of this Memorandum and Order to complete service.

**So Ordered.**

 /s/ George A. O'Toole
 **UNITED STATES DISTRICT JUDGE**